## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## FORT MYERS DIVISION

NANCY L. BARNETTE,

                Plaintiff,

-vs-                                       Case No.   2:10-cv-471-FtM-36SPC

FEDERAL EXPRESS CORPORATION,
a foreign corporation,

                Defendant.

_____

### <u>ORDER</u>

This matter comes before the Court on Plaintiff's Motion to Re-Open Limited Discovery and for Enlargement of the Corresponding Dispositive Motions Deadline (Doc. # 24) filed on May 24, 2011. Defendant filed its Response in Opposition to Plaintiff's Motion (Doc. # 25) on June 7, 2011. Subsequently, Plaintiff filed her Unopposed Motion for Leave to File a Reply to Defendant's Response (Doc. # 26) on June 8, 2011, which the Court granted. Plaintiff then filed her expedited Reply to Defendant's Response (Doc. # 28) on June 10, 2011. Thus, the Motion is now ripe for review.

In her Motion to Re-Open Limited Discovery, Plaintiff states there is good cause to extend discovery by forty-five (45) days because it would enable Plaintiff and counsel to obtain discovery regarding the individuals and documents listed in Defendant's Supplemental Disclosures and Supplemental Objections and Responses to Plaintiff's First Request for Production. Plaintiff also states, "Defendant provided an eleventh hour disclosure of additional

1

witnesses, along with never-before disclosed witness contact information and altered descriptions of witness knowledge." As grounds for extending the dispositive motions deadline, Plaintiff requests relief as a result of the untimely submitted discovery. In its response, Defendant states Plaintiff cannot show good cause because she waited eighteen (18) days after discovery had expired to file her motion to modify the Court's Scheduling Order by re-opening discovery and extending the deadline for filing dispositive motions.

### *Fed. R. Civ. P. 16(b)(4) – Scheduling*

Modification of the Court's Scheduling Order is governed pursuant to Federal Rule of Civil Procedure 16(b)(4). The Rule states the court's scheduling order "may be modified only for good cause and with the judge's consent." (Fed. R. Civ. P. 16(b)(4)). Good cause requires a showing that "the schedule cannot 'be met despite the diligence of the party seeking the extension.'" Sosa v. Airprint Sys., Inc., 133 F.3d 1417, 1418 (11th Cir. 1998) (quoting Fed. R. Civ. P. Advisory Committee's Note). Mere "carelessness is not compatible with a finding of diligence and offers no reason for a grant of relief.'" Will-burn Recording & Pub. Co. v. Universal Music Group Records, 2009 U.S. Dist. 35562 at *2 (S.D. Ala., Apr. 27, 2009) (slip op.) (quoting Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992)). In other words, the moving party cannot establish the diligence necessary to show good cause if it had full knowledge of the information before the scheduling deadline passed or if the party failed to seek the needed information before the deadline. See S. Grouts & Mortars, Inc. v. 3M Co., 575 F.3d 1235, 1241-42 n.3 (11th Cir. 2009).

Rule 3.09(b) of this Court's Local Rules also states in pertinent part:

> Failure to complete discovery procedures within the time established pursuant to Rule 3.05 of these Rules shall not constitute cause for continuance unless such failure or inability…is not the result of a lack of diligence in pursuing such discovery.

Local Rule 3.09(b), M.D.Fla. "A finding of lack of diligence on the part of the party seeking modification ends the good cause inquiry." Lord v. Fairway Elec. Corp., 223 F. Supp. 2d 1270, 1277 (M.D. Fla. 2002); see also Beauregard v. Continental Tire North America, Inc., 2009 U.S. Dist. LEXIS 18096 at *2 (M.D. Fla., Feb. 24, 2009) (slip op.) (quoting Sosa and the Advisory Committee's Notes for the proposition that "[a] finding of good cause is reserved for situations in which the schedule cannot be met despite the diligence of the part seeking the extension") (internal marks omitted). As the court noted in Moyer v. Disney World Co., 146 F. Supp. 2d 1249, 1252 (M.D. Fla. 2000), "[a] Scheduling Order 'is not a frivolous piece of paper, idly entered, which can be cavalierly disregarded by counsel without peril.'" Id. (quoting Payne v. Rider Sys. Inc. Long Term Disability Plan, 173 F.R.D. 537, 540 (M.D. Fla. 1997)). "Recognizing the perils of disorderly litigation, '[t]he Eleventh Circuit has consistently held that motions filed after a deadline imposed by a court should be denied as untimely.'" Moyer, 146 F. Supp. 2d at 1252 (quoting Payne, 173 F.R.D. at 540).

## *Discussion*

The Court finds good cause to re-open discovery.  It appears from the exhibits attached to Plaintiff's Reply to Defendant's Response (Doc. # 28) that Defendant continued to disclose additional discovery in this case even after the discovery deadline of May 6, 2011 had lapsed. In Plaintiff's Reply, she states that on June 10, 2011, Defendant provided her with two (2) new eyewitness statements, "as well as documents showing the company was aware of complaints of

discrimination in the workplace…[but took no action]". Additionally, one eye witness affidavit was executed June 6, 2011, thirty (30) days after the discovery deadline.  (Doc. # 28, Ex. 4). Therefore, the Court finds good cause to re-open discovery for a period of thirty (30) days, until July 14, 2011.  Also, the Court will grant an additional thirty (30) days to file dispositive motions, extending the deadline until August 12, 2011.

Accordingly, it is now

**ORDERED:**

(1)     Plaintiff's Motion to Re-Open Limited Discovery and for Enlargement of the Corresponding Dispositive Motions Deadline (Doc. #24) is **GRANTED** in part. The Court will extend the discovery deadline, but only for a period of thirty (30) days.

(2)     The discovery deadline in this case is extended until **July 14, 2011**.

(3)     The dispositive motion deadline in this case is extended until **August 12, 2011**.

**DONE AND ORDERED** at Fort Myers, Florida, this ____14th____ day of June, 2011.

SHERI POLSTER CHAPPELL
UNITED STATES MAGISTRATE JUDGE

Copies: All Parties of Record